# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Patricia Cote<br><br>    Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc.<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Patricia Cote, ("Patricia"), is a natural person who resided in Glens Falls, New York, at all times relevant to this action.

2. Defendant, Hunter Warfield, Inc., ("HW"), is a Maryland Corporation that maintained its principal place of business in Tampa, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir.

2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

6. HW uses a predictive dialer system.

7. Before HW began contacting Patricia, it and Patricia had no prior business relationship and Patricia had never provided express consent to HW to be contacted on her cellular telephone.

8. HW regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of HW's revenue is debt collection.

10. HW is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, HW contacted Patricia to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Patricia is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, HW willingly and knowingly used an automatic telephone dialing system to call Patricia on her cellular phone multiple times in violation of the TCPA.

15. Around February 2014, HW contacted Patricia on Patricia's cellular phone in connection with the collection of the debt.

16. During this communication, Patricia communicated her desire that HW cease further calls to her.  In addition, Patricia requested HW communicate with Patricia only by mail.

17. On or around February 22, 2014 Patricia sent a letter to HW requesting HW cease all phone calls and requesting communication only by mail.

18. On or around April 29, 2014, Patricia settled the debt with HW.

19. On or around May 1, 2014, a withdrawal was made from Patricia's bank account for payment to HW to settle the debt in full.

20. Despite Patricia's previous requests for HW to cease further calls to Patricia and despite Patricia settling the debt, on or around May 6, 2014, HW contacted Patricia on Patricia's cellular phone in connection with the collection of the debt.

21. During this communication, HW attempted to collect the debt that was already settled and paid.

22. HW caused Patricia emotional distress.

23. HW attempted to collect a debt from Patricia.

24. HW violated the FDCPA, the TCPA, and the FCCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(c) by calling Plaintiff after receiving written cease and desist.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violations of the Telephone Consumer Protection Act

35. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

36. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT SEVEN

### Violations of the Florida Consumer Collection Practices Act

37. Plaintiff incorporates the preceding allegations contained in paragraphs 15 through 24 as if specifically stated herein.

38. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

39. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

40. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

41. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or Plaintiff's family member.

42. Defendant willingly and knowingly violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate, or asserting the existence of some other legal right when Defendant knew the right did not exist.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ H. Karen Gatto
One of Plaintiff's Attorneys

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
Hyslip & Taylor, LLC, LPA
8270 Woodland Center Blvd.
Tampa, FL 33614
Phone: 800-675-5507
Email: Kgatto@gattolaw.com

Date: January 19, 2015